1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JODI LYNN JOHNSON,                        No.  2:22-CV-1649-DMC

12                    Plaintiff,

13          v.                                   <u>MEMORANDUM OPINION AND ORDER</u>

14    COMMISSIONER OF SOCIAL
      SECURITY,
15
                      Defendant.
16

17

18              Plaintiff, who is proceeding with retained counsel, brings this action for judicial

19    review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

20    Pursuant to the written consent of all parties, ECF Nos. 8 and 13, this case is before the

21    undersigned as the presiding judge for all purposes, including entry of final judgment.  <u>See</u> 28

22    U.S.C. § 636(c); <u>see also</u> ECF No. 15 (minute order reassigning case to Magistrate Judge).

23    Pending before the Court are the parties' briefs on the merits, ECF Nos. 9 and 11.

24              The Court reviews the Commissioner's final decision to determine whether it is:

25    (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a

26    whole.  <u>See</u> <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is

27    more than a mere scintilla, but less than a preponderance.  <u>See</u> <u>Saelee v. Chater</u>, 94 F.3d 520, 521

28    (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support

                                            1

a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The Court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the matter will be remanded for further proceedings.

## I.  THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled.  See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).   The sequential evaluation proceeds as follows:

|         |                                                                                                                                                                                     |
| ------- | ----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
| Step 1  | Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied;                                 |
| Step 2  | If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 3  | If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted; |

Step 4    If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied;

Step 5    If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied.

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months.  See 42 U.S.C. § 1382c(a)(3)(A).  The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989).  The claimant has the initial burden of proving the existence of a disability.  See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work.  See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f).  If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy.  See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

3

1  ## II.  THE COMMISSIONER'S FINDINGS

2  Plaintiff applied for social security benefits on October 4, 2019.  See CAR 15.[1]

3  Plaintiff claims disability began on October 4, 2019.  See id.  Plaintiff's claim was initially

4  denied.  Following denial of reconsideration, Plaintiff requested an administrative hearing, which

5  was held on May 21, 2021, before Administrative Law Judge (ALJ) Brian M. Steger.  In a June

6  30, 2021, decision, the ALJ concluded Plaintiff is not disabled based on the following relevant

7  findings:

8
9      1.    The claimant has the following severe impairments: obesity, cervical spondylosis, right shoulder osteoarthritis, and bilateral hand tremors;

10
11      2.    The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

12      3.    The claimant has the residual functional capacity to perform light
13  exertional work as defined in 20 CFR 416.967(b) with the following limitations: she is incapable of climbing ladders, ropes,
14  and scaffolds and is incapable of crawling; she is capable of occasionally climbing ramps and stairs and occasionally balancing,
15  stooping, kneeling, and crouching; she is incapable of reaching above shoulder level with the non-dominant right upper extremity
16  but is otherwise capable of frequently reaching with the non-dominant right upper extremity; she is capable of frequently
17  handling, fingering, feeling, and grasping with the bilateral hands; and she is able to perform work that does not require driving as a
18  part of work duties or require more than occasional work-related exposure to hazards, such as unprotected heights and unguarded
19  moving machinery;

20      4.    Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, the
21  claimant is capable of performing her past relevant work as a cleaner, housekeeper, and home attendant.

22  See CAR 18-28.

23  After the Appeals Council declined review on July 25, 2022, this appeal followed.

24  / / /

25  / / /

26  / / /

27  ------------------------

28  [1]    Citations are to the Certified Administrative Record (CAR) lodged on December 21, 2022, ECF No. 6.

1

### III.  DISCUSSION

In her opening brief, Plaintiff argues: (1) the ALJ failed to properly evaluate Plaintiff's subjective statements and testimony or provide specific, clear, and convincing reasons for discounting Plaintiff's allegations; and (2) the ALJ failed to evaluate the third-party statement from Plaintiff's spouse.

### A.    <u>Evaluation of Plaintiff's Statements and Testimony</u>

The Commissioner determines the weight to be given to a claimant's own statements and testimony, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons.  See <u>Saelee v. Chater</u>, 94 F.3d 520, 522 (9th Cir. 1996).  An explicit finding must be supported by specific, cogent reasons. See <u>Rashad v. Sullivan</u>, 903 F.2d 1229, 1231 (9th Cir. 1990).  General findings are insufficient. See <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995).  Rather, the Commissioner must identify what testimony is not afforded weight and what evidence undermines the testimony.  See <u>id.</u> Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing."  See <u>id.</u>; <u>see also</u> <u>Carmickle v. Commissioner</u>, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing <u>Lingenfelter v Astrue</u>, 504 F.3d 1028, 1936 (9th Cir. 2007), and <u>Gregor v. Barnhart</u>, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.  See <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc).  As the Ninth Circuit explained in <u>Smolen v. Chater</u>:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof.  Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom.  By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the <u>Cotton</u> test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.

> 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in <u>Cotton v. Bowen</u>, 799 F.2d 1403 (9th Cir. 1986)).

/ / /

5

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions.  See Bunnell, 947 F.2d at 345-47.  In weighing a claimant's statements and testimony, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms.  See Smolen, 80 F.3d at 1284 (citations omitted).  It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use.  See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If the claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made.  See Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

At Step 4, the ALJ evaluated Plaintiff's subjective statements and testimony in determining Plaintiff's residual functional capacity.  See CAR 24-26.  ALJ summarized Plaintiff's statements and testimony as follows:

> In a disability report dated January 28, 2020, the claimant alleged she was disabled due to limitations caused by a brain injury, insomnia, back pain, and tremors. (Exhibit C3E).

> In subsequent disability reports, the claimant reported a worsening of her conditions. More specifically, the claimant reported a worsening of her tremors and shoulder pain. She further reported foot pain and claimed difficulty holding or grasping objects. (Exhibits C7E; C12).

> With regard to functional limitations, the claimant reported difficulty lifting, walking, seeing, remembering things, and using her hands. (Exhibit C6E). Vicky Young, the claimant's wife, wrote that the claimant had difficulty lifting, walking, seeing, remembering things, completing tasks, and using her hands. (Exhibit C5E).

> In an opening statement, the claimant's representative argued the claimant was disabled due to bilateral hand tremors, cervical spine pain, right shoulder pain, and left foot pain. (Hearing Testimony).

/ / /

/ / /

When questioned at the hearing as to what precluded her from working, the claimant testified she was unable to work due to an inability to perform motor skills with her hands due to the tremors. (Hearing Testimony).

CAR 24-25.

The ALJ determined that Plaintiff's statements and testimony were "not entirely consistent with the medical evidence and other evidence in the record. . . ." CAR 25. In doing so, the ALJ stated:

As a part of this evaluation, I evaluated the consistency of the claimant's subjective allegations with the evidence of record. In making this assessment, I considered the record as a whole, including the claimant's statements regarding the intensity, persistence, and limiting effects of her alleged symptoms. Factors relevant to this assessment include:

(i)      Daily activities;
(ii)      The location, duration, frequency, and intensity of the pain or other symptoms;
(iii)      Precipitating and aggravating factors;
(iv)      The type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms;
(v)      Treatment, other than medication, received for relief of pain or other symptoms;
(vi)      Any measures, other than treatment, used to relieve the pain or other symptoms; and
(vii)      Any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

Symptoms, including pain, will be found to diminish the claimant's capacity for basic work activities to the extent the alleged functional limitations and restrictions due to symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence (20 CFR 416.929(c)(3) and SSR 16-3p). A residual functional capacity for the reduced range of work set forth above takes into account the location, duration, frequency, and intensity of the claimant's alleged symptoms, as well as the precipitating and aggravating factors.

In terms of objective medical evidence, the medical record supports the claimant's assertion her impairments limit her ability to work. The medical evidence does not support the claimant's contention her impairments prevent her from working at all.

CAR 25.

The ALJ then provided a lengthy discussion of the objective medical evidence, which the Court does not reproduce here. See CAR 25-26.

/ / /

7

The Court agrees with Plaintiff that the ALJ's analysis of her subjective statements and testimony failed to comport with applicable legal standards.  The Ninth Circuit has held that the ALJ does not provide sufficient reasoning by "simply reciting the medical evidence in support of his or her residual functional capacity determination."  Brown-Hunter v. Colvin, 8-6 F.3d 487, 488 (9th Cir. 2015); see also LaPointe v. Berryhill, 2017 WL 2484168, at *5 (D. Mont. 2017) ("[a]lthough the ALJ discussed [the claimant's] medical record at length he did not explain how any of [the] medical evidence was inconsistent with Mr. LaPointe's statements").  Here, the ALJ has outlined Plaintiff's statements and testimony and has summarized the objective medical evidence.  The ALJ has not, however, bridged the gap between the two to explain how the medical evidence cited undermines specific portions of Plaintiff's statements and testimony.  On this record, this Court can only guess as to the bases for the ALJ's decision not to credit Plaintiff's statements and testimony.  The matter will be remanded to allow the Commissioner to re-evaluate Plaintiff's subjective statements and testimony.

### B.    Evaluation of Lay Witness Evidence

In determining whether a claimant is disabled, an ALJ generally must consider lay witness testimony concerning a claimant's ability to work.  See Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e).  Indeed, "lay testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence . . . and therefore cannot be disregarded without comment."  See Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).  Consequently, "[i]f the ALJ wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness."  Dodrill, 12 F.3d at 919.  When rejecting third party statements which are similar in nature to the statements of plaintiff, the ALJ may cite the same reasons used by the ALJ in rejecting the plaintiff's statement.  See Valentine v. Commissioner Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009) (approving rejection of a third-party family member's testimony, which was similar to the claimant's, for the same reasons given for rejection of the claimant's complaints).

/ / /

/ / /

1           The ALJ, however, need not discuss all evidence presented.  See Vincent on

2    Behalf of Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984).  Rather, he must explain

3    why "significant probative evidence has been rejected." Id. (citing Cotter v. Harris, 642 F.2d 700,

4    706 (3d Cir.1981).  Applying this standard, the court held that the ALJ properly ignored evidence

5    which was neither significant nor probative.  See id. at 1395.  As to a letter from a treating

6    psychiatrist, the court reasoned that, because the ALJ must explain why he rejected

7    uncontroverted medical evidence, the ALJ did not err in ignoring the doctor's letter which was

8    controverted by other medical evidence considered in the decision.  See id.  As to lay witness

9    testimony concerning the plaintiff's mental functioning as a result of a second stroke, the court

10   concluded that the evidence was properly ignored because it "conflicted with the available

11   medical evidence" assessing the plaintiff's mental capacity.  Id.

12          In Stout v. Commissioner, the Ninth Circuit considered an ALJ's silent disregard

13   of lay witness testimony.  See 454 F.3d 1050, 1053-54 (9th Cir. 2006).  The lay witnesses had

14   testified about the plaintiff's "inability to deal with the demands of work" due to alleged back

15   pain and mental impairments.  Id.  The witnesses, who were former co-workers testified about

16   the plaintiff's frustration with simple tasks and uncommon need for supervision.  See id.  Noting

17   that the lay witness testimony in question was "consistent with medical evidence," the court in

18   Stout concluded that the "ALJ was required to consider and comment upon the uncontradicted lay

19   testimony, as it concerned how Stout's impairments impact his ability to work." Id. at 1053.

20   The Commissioner conceded that the ALJ's silent disregard of the lay testimony contravened

21   Ninth Circuit case law and the controlling regulations, and the Ninth Circuit rejected the

22   Commissioner's request that the error be disregarded as harmless.  See id. at 1054-55.  The court

23   concluded:

24              Because the ALJ failed to provide any reasons for rejecting competent lay
           testimony, and because we conclude that error was not harmless,
25              substantial evidence does not support the Commissioner's decision . . .

26              Id. at 1056-67.

27   / / /

28   / / /

From this case law, the Court concludes that the rule for lay witness testimony depends on whether the testimony in question is controverted or consistent with the medical evidence.  If it is controverted, then the ALJ does not err by ignoring it.  See Vincent, 739 F.2d at 1395.  If lay witness testimony is consistent with the medical evidence, then the ALJ must consider and comment upon it.  See Stout, 454 F.3d at 1053.  However, the Commissioner's regulations require the ALJ consider lay witness testimony in certain types of cases.  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); SSR 88-13.  That ruling requires the ALJ to consider third-party lay witness evidence where the plaintiff alleges pain or other symptoms that are not shown by the medical evidence.  See id.  Thus, in cases where the plaintiff alleges impairments, such as chronic fatigue or pain (which by their very nature do not always produce clinical medical evidence), it is impossible for the court to conclude that lay witness evidence concerning the plaintiff's abilities is necessarily controverted such that it may be properly ignored.  Therefore, in these types of cases, the ALJ is required by the regulations and case law to consider lay witness evidence.

In this case, the hearing decision does not contain a discussion of any lay witness evidence except the following:

> In accordance with 20 CFR 404.1520b(c) and 416.920b(c), I did not provide an examination of evidence that is inherently neither valuable nor persuasive such as issues reserved to the Commissioner, decisions by other governmental agencies and non-governmental entities, and disability examiner findings. For example, The Third Party Function Report completed by Vicky Young is neither valuable nor persuasive. (Exhibit C5E).

CAR 28.

Plaintiff argues:

> . . . [SSR] 16-3p further provides that an ALJ "may draw inferences and conclusions about an individual's statements that would be helpful to us in assessing the intensity, persistence, and limiting effects of symptoms" including statements from "non-medical sources such as family and friends." See 16-3p. Yet, the ALJ failed to consider the third-party function report offered by Plaintiff's wife which reported that Plaintiff is in constant pain, cannot write, requires a closed container for drinks, drops food, and has difficulty eating and drinking due to her hand tremors. T 291-298. The ALJ failed to articulate any consideration of this report and simply stated that "I did not provide an examination of evidence that is inherently neither valuable nor persuasive…" and

continued "[f]or example, The Third Party Function Report completed by Vicky Young is neither valuable nor persuasive." T 28.

ECF No. 9, pg. 16.

Defendant offers no argument concerning the ALJ's lack of analysis of lay witness evidence in this case.  See generally ECF No. 11.

Vicky Young's third-party function report, dated February 28, 2020, is contained in the record at Exhibit C5E.  See CAR 291-98.  Mrs. Young stated that she is Plaintiff's wife, has known Plaintiff since 2007, and that Plaintiff lives with her at their home.  See id. at 291.  Mrs. Young stated that Plaintiff's impairments prevent her from writing and cause her to spend a lot of time resting.  See id.  Mrs. Young stated that Plaintiff is in constant pain in her foot, neck, shoulders, hands, and teeth, and that the has no fine motor skills.  See id.  Mrs. Young stated that she helps Plaintiff "a lot" and takes care of her.  Id.

As to Plaintiff's typical day, Mrs. Young stated that Plaintiff wakes up, drinks coffee, feeds the cats, then lays back down and spends most of the day in bed.  See id. at 292.  Mrs. Young stated that she assists Plaintiff with caring for the cats.  See id.  Mrs. Young further stated that Plaintiff wakes up often during the night groaning in pain, which interferes with Plaintiff's sleep.  See id.  Mrs. Young also stated that Plaintiff needs help with dressing, but that Plaintiff can bathe herself and care for her hair on her own.  See id.  As to eating meals, Mrs. Young stated that Plaintiff needs assistance because she cannot hold a fork and that Plaintiff spills often.  See id.  She also stated that Plaintiff cannot write on her own.  See id.  Mrs. Young also stated that Plaintiff requires assistance and reminders with medication.  See id. at 293.  According to Mrs. Young, Plaintiff cannot cook meals because she drops things and becomes frustrated.  See id.  Mrs. Young stated that Plaintiff is able to infrequently vacuum and do dishes, though Plaintiff requires assistance when she performs these tasks.  See id.  Mrs. Young stated that Plaintiff goes out daily and, when she does so, she walks or drives a car or rides in a car.  See id. at 294.  Mrs. Young also stated that Plaintiff can go out alone.  See id.  Mrs. Young further stated that Plaintiff can go shopping in stores for food, but usually only for small shopping trips of less than 30 minutes.  See id.  Mrs. Young further stated that Plaintiff is able to count change, but cannot pay

1    bills, handle bank accounts, or use checks.  See id.  Mrs. Young stated that she now does these

2    tasks.  See id. at 295.

3           Regarding Plaintiff's ability to engage in work-related tasks, Mrs. Young stated

4    that Plaintiff has difficulty lifting, walking, seeing, remembering, completing tasks, and using her

5    hands.  See id. at 296.  Mrs. Young adds that Plaintiff's foot hurts badly after two hours and that

6    Plaintiff cannot lift anything heavy.  See id.  Mrs. Young also stated that Plaintiff has a difficult

7    time following written instructions but has an "adequate" ability to follow spoken instructions.

8    Id.  Mrs. Young described Plaintiff's ability to get along with authority figures as "adequate."  Id.

9    According to Mrs. Young, Plaintiff's ability to handle stress is "about average" and that Plaintiff

10   "does ok" with changes in routine.  Id.

11          The Court finds Plaintiff's argument regarding the ALJ's failure to address Mrs.

12   Young's third-party statement to be persuasive.  As stated above, the ruling in Smolen v. Chater

13   requires the ALJ to consider third-party lay witness evidence where the plaintiff alleges pain or

14   other symptoms that are not shown by the medical evidence.  Such is the case here given

15   Plaintiff's allegations of constant pain, which is corroborated by Mrs. Young's report.  The ALJ

16   did not provide an explanation for why he failed to consider the third-party report beyond stating

17   that it is neither valuable nor persuasive, an assertion with which this Court does not agree.  The

18   matter will be remanded to allow the Commissioner to consider Mrs. Young's statements.

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1  
## IV.  CONCLUSION

2     For the foregoing reasons, this matter will be remanded under sentence four of 42

3  U.S.C. § 405(g) for further development of the record and/or further findings addressing the

4  deficiencies noted above.

5     Accordingly, IT IS HEREBY ORDERED as follows:

6     1.    Plaintiff's motion for summary judgment, ECF No. 9, is GRANTED.

7     2.    Defendant's motion for summary judgment, ECF No. 11, is DENIED.

8     3.    The Commissioner's final decision is REVERSED and this matter is

9  REMANDED for further proceedings consistent with this order.

10     4.    The Clerk of the Court is directed to enter judgment and close this file.

11

12  Dated:  February 26, 2024

13  _____
   DENNIS M. COTA

14  UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28